KIM E. RICHMAN
**REESE RICHMAN LLP**
875 Avenue of the Americas, 18th Floor
New York, NY 10001
krichman@reeserichman.com
212-643-0500 (telephone)
212-253-4272 (facsimile)

*Attorney for Plaintiff*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------
RAFAEL CALDERON

        Plaintiff,

    -against-

THE CITY OF NEW YORK, P.O. ANTHONY
DONATO (Shield # 07509) and P.O.s "JOHN
DOE" #1-10 (said names being fictitious, as the
true names are presently unknown), Individually
and in Their Official Capacities,

        Defendants.
-----------------------------------------------------------

**FIRST AMENDED COMPLAINT**
1:14-cv-06425-RWS

JURY TRIAL DEMANDED

Plaintiff Rafael Calderon by his attorney, Kim E. Richman, complaining of the above-referenced defendants, based upon information and belief, respectfully alleges as follows:

**PRELIMINARY STATEMENT**

Plaintiff brings this action for compensatory damages, punitive damages and attorney's fees pursuant to 42 U.S.C. §§ 1983, 1988, for the wrongful acts of Defendants The City Of New York and P.O.s "John Doe" #1-10 (said names being fictitious, as the true names are presently unknown), as Officers of the New York City Police Department, all acting under color of state law and pursuant to their authority, in violation of

1

Plaintiff's rights, as said rights are secured by said statutes and the Constitutions of the State of New York and the United States.

## JURISDICTION

1. This action is brought pursuant to 42 U.S.C. §§ 1983, 1988, and the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution.

2. Jurisdiction is invoked herein pursuant to the aforementioned statutory and constitutional provisions, and pursuant to 28 U.S.C. §§ 1331, 1343, this being an action seeking redress for the violation of Mr. Calderon's constitutional and civil rights.

3. Plaintiff further invokes this Court's pendent jurisdiction over any and all state law claims and causes of action that derive from the same nucleus of operative facts that give rise to the federally based claims and causes of action pursuant to 28 U.S.C. § 1367.

## VENUE

4. Venue is properly laid in this District under 28 U.S.C. § 1391(b), this being the District in which the claim arose.

## TRIAL BY JURY

5. Plaintiff demands a trial by jury on each and every one of his claims as pled herein pursuant to Fed. R. Civ. P. 38(b).

## PARTIES

6. Plaintiff Rafael Calderon is a Dominican male and was at all relevant times a resident of Bronx County, located in the Southern District of New York.

7. At all times relevant hereto, Defendant the City of New York ("City") was and is a municipality of the State of New York and owns, operates, manages, directs and controls the New York City Police Department, which employs the other named Defendants.

8. At all times relevant to this action, Defendant P.O. Anthony Donato (Shield # 07509) and Defendant P.O.'s "John Doe" #1-10 (said names being fictitious, as the true names are presently unknown) (collectively, with Defendant City, "Defendants") were and are police officers employed by the New York City Police Department ("NYPD") and acting under color of state law.

9. At all times relevant hereto and in all their actions described herein, said Defendants were acting under color of the statutes, ordinances, regulations, policies, customs and usages of the Defendant City and its NYPD, pursuant to their authority as employees, servants and agents of the NYPD within the scope of employment and incidental to their otherwise lawful duties and functions as employees, servants, agents and police officers.

10. Defendant City was responsible for the hiring, training, supervision, discipline, retention and promotion of the police officers, sergeants, and/or employees of the NYPD.

**FACTS**

11. On or about Tuesday, August 16, 2011 at approximately 3:00 p.m., Plaintiff was lawfully present in a parked vehicle at or near the intersection of East 183rd Street and Creston Avenue, in the Bronx, New York.

12.     Plaintiff and his friends were seated in the vehicle with the windows up and air conditioning on when an NYPD van pulled up to their car.

13.     Without probable cause or suspicion, Defendant Police Officers, including Defendant P.O. Anthony Donato, approached the parked vehicle, and ordered Plaintiff and friends to step out of the vehicle. Plaintiff and his friends complied and exited the vehicle.

14.     As background, on July 1, 2011, Defendant P.O. Anthony Donato was involved in a stop-and-frisk incident that resulted in him facing multiple substantiated Civilian Complaint Review Board ("CCRB") charges against him. Defendant P.O. Donato incurred disciplinary action due to one of those substantiated charges, which was for refusing a request to provide his name or shield number during the stop-and-frisk incident.

15.     Once Plaintiff stepped out of the vehicle, Defendant P.O. Donato and the other Defendant Police Officers immediately began to search Plaintiff and the vehicle, causing Plaintiff significant emotional distress.

16.     Defendant P.O. Donato recovered one (1) Percocet pill from Plaintiff's pocket, which he scanned with a device to confirm that the pill was in fact Percocet.

17.     Defendant Police Officers also recovered a bottle of Percocet in the backseat of the vehicle that contained the remaining one hundred and nineteen (119) pills.

18.     At the time of the incident, Plaintiff had a medical prescription for the bottle of Percocet and single Percocet pill found in his pocket. However, the bottle of Percocet did not have a legible label.

19. Although Plaintiff lawfully possessed the bottle of Percocet, Plaintiff was emotionally distressed and disoriented after Defendant P.O. Donato and the other Defendant Police Officers unjustifiably frisked and searched Plaintiff and his vehicle, and therefore did not admit to owning the bottle.

20. Next, Defendant P.O. Donato arrested Plaintiff and, along with the other Defendant Police Officers, transported him to the NYPD 47th Precinct, where he was processed. Plaintiff remained at the 47th Precinct for approximately twenty-four (24) hours until his arraignment.

21. On or about August 17, 2012, Plaintiff was arraigned under Docket Number 2011BX045768.

22. On September 11, 2012, all charges related to this incident were dismissed in favor of Plaintiff.

23. As a result of the aforementioned violations of his civil rights, Plaintiff Rafael Calderon was detained for approximately twenty-four (24) hours -- unjustly depriving him of his liberty -- and subjected to the humiliation of being arrested, searched and led away in full public view in front of his peers, resulting in damage to his esteem and reputation within the community.

**FIRST CLAIM FOR RELIEF:**
**DEPRIVATION OF FEDERAL CIVIL RIGHTS**

24. Plaintiff Rafael Calderon repeats, reiterates and re-alleges each and every allegation contained in the paragraphs above with the same force and effect as if fully set forth herein.

25. All of the aforementioned acts of Defendants, their agents, servants and employees were carried out under color of state law.

26. All of the aforementioned acts deprived Plaintiff of the rights, privileges and immunities by the United States by the Fourth, Fifth, and Fourteenth Amendments to the Constitution of the United States and which are actionable under 42 U.S.C. § 1983.

27. The acts complained of were carried out by the aforementioned individual Defendants in their capacities as police officers, with the actual and/or apparent authority attendant thereto.

28. The acts complained of were carried out by the aforementioned individual Defendants in their capacities as police officers, pursuant to the customs, usages, practices, procedures, and rules of Defendant City and the NYPD, all under the supervision of ranking officers of said department.

29. Defendants, collectively and individually, while acting under color of state law, engaged in conduct which constituted a custom, usage, practice, procedure or rule of Defendant City, which is forbidden by the Constitution of the United States.

30. By these actions, these Defendants have deprived Mr. Calderon of rights secured by the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution, in violation of 42 U.S.C. § 1983, for which the Defendants are individually liable.

## SECOND CLAIM FOR RELIEF: FALSE ARREST UNDER 42 U.S.C. § 1983

31. Plaintiff Rafael Calderon repeats, reiterates and re-alleges each and every allegation contained in the paragraphs above with the same force and effect as if fully set forth herein.

32. As a result of Defendants' aforementioned conduct, Plaintiff was subject to an illegal, improper and false arrest by Defendants and taken into custody and caused

to be falsely imprisoned, detained, confined, incarcerated and prosecuted by the Defendants in criminal proceedings, without any probable cause, privilege or consent.

33.   As a result of the foregoing, Plaintiff's liberty was restricted for an extended period of time, and he was put in fear for his safety and subjected to handcuffing and other physical restraints, without probable cause.

34.   As a result of his false arrest, Plaintiff was subjected to and continues to experience humiliation, ridicule, and disgrace before his family and peers, confinement, economic and pecuniary loss, pain and suffering, embarrassment and emotional distress. Further, as a result of Defendants' unlawful acts, Plaintiff was discredited in the minds of many members of the community.

### THIRD CLAIM FOR RELIEF: ILLEGAL STOP AND FRISK UNDER 42 U.S.C. § 1983

35.   Plaintiff Rafael Calderon repeats and re-alleges each and every allegation contained in the paragraphs above with the same force and effect as if fully set forth herein.

36.   As a result of Defendants' aforementioned conduct, Plaintiff was subject to an illegal and improper stop and frisk by Defendants without any reasonable suspicion of criminality or other constitutionally required grounds. Moreover this stop, frisk and the above-alleged arrest were the result of racial and/or national origin profiling.

37.   As a direct and proximate result of such acts, Defendants deprived Plaintiff of his Fourth and Fourteenth Amendment rights in violation of 42 U.S.C. §1983.

38.     As a direct and proximate result of those constitutional abuses, Plaintiff suffered and will continue to suffer mental and emotional pain and suffering, mental anguish, embarrassment and humiliation.

39.     The acts of Defendants were intentional, wanton, malicious, reckless and oppressive and entitle Plaintiff to an award of punitive damages.

## FOURTH CLAIM FOR RELIEF
## EQUAL PROTECTION UNDER 42 U.S.C. § 1983

40.     Plaintiff Rafael Calderon repeats each and every allegation contained in the paragraphs above and incorporates such allegations by reference as if fully stated herein.

41.     Defendants unlawfully singled out Plaintiff and violated his First, Fourth, Fifth, and Fourteenth Amendments, in part because of his race, gender and because he was exercising his constitutional rights under the First, Fifth and Fourteenth Amendments to the Constitution of the United States.

42.     Defendants and their agents, servants, and employees carried out all of the aforementioned acts under color of state law.

43.     As a result of Defendants' unlawful acts, Plaintiff was subjected to and continues to experience humiliation, ridicule, and disgrace before his family and peers, confinement, economic and pecuniary loss, pain and suffering, embarrassment and emotional distress.  Further, as a result of Defendants' unlawful acts, Plaintiff was discredited in the minds of many members of the community.

## FIFTH CLAIM FOR RELIEF:
## MUNICIPAL LIABILITY UNDER 42 U.S.C. § 1983

44. Plaintiff Rafael Calderon repeats, reiterates and re-alleges each and every allegation contained in the paragraphs above with the same force and effect as if fully set forth herein.

45. Defendants falsely arrested and maliciously prosecuted Plaintiff despite a complete lack of cause against him, notwithstanding their knowledge that such actions would jeopardize Plaintiff's liberty, well-being, safety and constitutional rights.

46. The acts complained of were carried out by the aforementioned individual Defendants in their capacities as police officers and officials, with the entire actual and/or apparent authority attendant thereto.

47. The acts complained of were carried out by the aforementioned individual Defendants in their capacities as police officers and officials pursuant to the customs, policies, usages, practices, procedures and rules of Defendant City and its NYPD, all under the supervision of ranking officers of said department.

48. The aforementioned customs, policies, usages, practices, procedures and Defendant City included, but were not limited to continue criminal proceedings without evidence of criminal activity.

49. The foregoing customs, policies, usages, practices, procedures and rules of Defendant City constituted a deliberate indifference to Plaintiff's constitutional rights.

50. The foregoing customs, policies, usages, practices, procedures and rules of Defendant City were the direct and proximate cause of the constitutional violations suffered by Plaintiff as alleged herein.

51. The foregoing customs, policies, usages, practices, procedures and rules of Defendant City were the moving force behind the constitutional violation suffered by Plaintiff as alleged herein.

52. Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating the constitutional rights of Plaintiff.

53. Defendants, collectively and individually, while acting under color of state law, acquiesced in a pattern of unconstitutional conduct by subordinate police officers and were directly responsible for the violation of Plaintiff's constitutional rights.

54. Defendant City, as municipal policymaker in the training and supervision of P.O.s "John Doe" #1-10 (said names being fictitious, as the true names are presently unknown),, has pursued a policy and custom of deliberate indifference to the rights of persons in their domain who suffer violations of their rights First, Fourth, Fifth, and Fourteenth Amendments to the Constitution of the United States and 42 U.S.C. § 1983 and the Constitution and laws of the State of New York.

55. All of the foregoing acts by Defendants deprived Plaintiff Rafael Calderon of federally protected rights, including, but not limited to, the right:

    a. Not to be deprived of liberty without due process of law;

    b. To be free from unlawful search; and

    c. To receive equal protection under the law.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff demands judgment and prays for the following relief, jointly and severally, against the Defendants:

1. Special and compensatory damages in the amount of ONE MILLION ($1,000,000.00) DOLLARS.

2. Punitive damages in the amount of ONE MILLION ($1,000,000.00) DOLLARS.

3. Reasonable attorney's fees and costs; and

4. Such other and further relief as this Court deems just and proper.

DATED:   New York, New York
         December 18, 2014

                                          Respectfully submitted,

                                          /s

                                          _____
                                          Kim E. Richman, Esq.
                                          **REESE RICHMAN LLP**
                                          875 Avenue of the Americas, 18th Floor
                                          New York, NY 10001
                                          (212) 643-0500 (telephone)
                                          (212) 253-4272 (facsimile)

                                          *Attorney for Plaintiff*